UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY A. REMMIE,

    Plaintiff,

        v.

HON. RAY MABUS,
Secretary of the Navy,

    Defendant.

Civil Action No.  11-1261 (JEB)

## MEMORANDUM OPINION

Plaintiff Timothy Remmie is a former Petty Officer in the United States Navy who originally enlisted in 1978.  During a contentious divorce, Remmie was accused by his then-wife of sexually abusing their daughter, which ultimately led to his discharge from the Navy in 1993. After the truth of her accusation was called into question during the divorce case, the Board for the Correction of Naval Records (BCNR) corrected some of Plaintiff's records, and he was permitted to reenlist in 1999 until his voluntary retirement in 2006.

He then brought this suit in July 2011 under the Administrative Procedure Act, asking this Court for various forms of relief, including an order requiring the BCNR to further correct his records.  Defendant Ray Mabus, the Secretary of the Navy, has now moved to dismiss, arguing that Plaintiff's claims are barred by the applicable statute of limitations and are otherwise nonjusticiable.  Although some of Plaintiff's requested remedies are beyond this Court's powers, the suit is timely and, in the main, seeks permissible relief.  The Court, accordingly, will largely deny the Motion.

**I.**     **Background**

According to the Complaint, Plaintiff had been serving in the Navy for twelve years when, on November 25, 1990, after discovering his wife's extramarital affair, he and his wife agreed to separate and file for divorce. See Compl. at 2. In July 1991, after requesting custody of his children, Plaintiff took his three-year-old daughter on a ten-day vacation to Florida. Id. at 3. The following month, Plaintiff's wife issued a complaint to the Virginia Beach Police Department alleging that Plaintiff had sexually abused his daughter while in Florida, an allegation Plaintiff denied. Id. After an investigation by the police and a polygraph test that showed "no deception indicated," Plaintiff was not charged with any crime; nonetheless, a separate determination was made by the Virginia Beach Social Services Department that Plaintiff had abused his daughter. Id. Plaintiff was also evaluated by a social worker with the Navy Family Advocacy Program (FAP), but no conclusion was reached regarding the alleged sexual abuse. Id.

On August 12, 1992, a Family Advocacy Case Review Subcommittee determined that sexual abuse was "substantiated." Id. at 4. Relying on the subcommittee's findings, the FAP recommended Plaintiff be processed for separation given his commission of a serious sexual perversion, and on April 28, 1993, an administrative discharge board approved the recommendation, and Plaintiff was thereafter separated from the Navy. Id. During Plaintiff's subsequent divorce proceedings, the court granted Plaintiff's petition for divorce and concluded that the alleged child abuse had not been shown and that the allegations arose from a bitter custody battle. Id. at 5. The court then imposed no restrictions on Plaintiff's unsupervised visitation rights. Id. Plaintiff thereafter requested independent reviews of his case by several doctors, who found that the initial determinations of sexual abuse were flawed and that "there was a strong possibility that Plaintiff did not sexually abuse his daughter." Id.

On April 13, 1995, Plaintiff submitted a request to the BCNR seeking a discharge upgrade to "honorable," reinstatement to the Navy, back pay, credit for time lost due to his adverse discharge, promotion, and the opportunity to finish his career. Id. at 5-6. In support of his application, Plaintiff submitted his polygraph reports, police reports, doctors' evaluations, the divorce decree, and numerous letters of character reference. Id. at 6. On June 3, 1997, the BCNR issued its decision, which granted partial relief, including correcting Plaintiff's discharge to honorable, suspending his grade reduction, and removing or expunging any material or entry inconsistent with the Board's recommendation from Plaintiff's record. Id. at 7-8. In September 1999, Plaintiff was allowed to reenlist in the Navy. Id. at 9. He retired in April 2006. Id. at 16.

In the intervening years, Plaintiff attempted to have his name and information related to child abuse removed from the Navy Central Registry. Id at 10-11. He ultimately made another formal application in May 2007 to the BCNR seeking, among other things, removal of his name, promotion, and retroactive reenlistment. Id. His application was denied on June 16, 2008. Id. at 18. Plaintiff's name was finally removed from the registry on June 26, 2008, after Assistant General Counsel Robert T. Cali found that the BCNR's earlier recommendation was "untenable" and ordered the removal. Id. The Board, however, has not otherwise corrected Plaintiff's record. Id. at 18-19. Plaintiff thus filed this case on July 12, 2011, seeking additional corrections of his record, as well as retroactive reenlistment and promotion. Defendant has now filed a Motion to Dismiss.

## II.     Legal Standard

In evaluating Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and 12(b)(1), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air

Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of Defendant's Motion under both Rules 12(b)(1) and 12(b)(6).  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same).  The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(1), Plaintiffs bear the burden of proving that the Court has subject matter jurisdiction to hear their claims.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens, 402 F.3d at 1253; see also Venetian Casino Resort, L.L.C. v.

E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings"); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III.  Analysis

Defendant makes two principal arguments in his Motion: first, all of Plaintiff's causes of action are barred by the applicable statute of limitations, see Mot. at 6-9, and second, Plaintiff's claims for retroactive reenlistment and promotion are nonjusticiable. Id. at 9-12. The Court will deal with each in turn and then consider an APA argument raised in Defendant's Reply Brief.

#### A. Statute of Limitations

Both parties agree that the applicable statute of limitations here is 28 U.S.C. § 2401(a), which bars civil actions against the United States "unless the complaint is filed within six years after the right of action first accrues." See Mot. at 6; Opp. at 7. They also concur that the initial BCNR denial took place in May 1998 and the reconsideration request was filed in May 2007. See Mot. at 9; Opp. at 8. The question at first blush then appears to be whether this gap of more than six years between the initial denial and the filing of this Complaint (or at least between the denial and the request for reconsideration) dooms Plaintiff's suit.

Defendant helpfully informs the Court that different courts have treated this issue in different ways. See Mot. at 8 (comparing cases). For example, some have held that "suit must be filed within six years of the adverse board decision, regardless of whether, or when, an application for reconsideration is filed." Nihiser v. Marsh, 211 F. Supp. 2d 125, 129 (D.D.C. 2002) (citation omitted). "Others have held that the period for filing suit runs from the date of reconsideration, provided that the application for reconsideration is filed within six years of the adverse review board decision." Id. (citing Lewis v. Sec'y of the Navy, 1990 WL 454624, at *8

(D.D.C. 1990)). Still others have held that even if the request for reconsideration was filed more than six years after the original decision, it would be timely if the Board on reconsideration considered new evidence or changed circumstances. Green v. White, 319 F.3d 560, 566 (3d Cir. 2003).

Intriguing as it may be to attempt a resolution of this split, Plaintiff explains that is unnecessary for the simple reason of tolling. In other words, because Plaintiff was on active duty from 1999 to 2006, the Servicemembers Civil Relief Act (SCRA) protects him. That statute provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court." 50 U.S.C. App. § 526(a). Plaintiff is correct.

In Giel v. Winter, 503 F. Supp. 2d 208 (D.D.C. 2007), another court in this District addressed the identical question in a similar challenge to the BCNR. Judge Thomas Hogan there rejected the Government's limitations argument, holding that "§ 526(a) tolls the six[-]year limitation period of 28 U.S.C. § 2401." Id. at 211; see also Baugh v. Mabus, 2011 WL 1103851, at *4 (E.D. Pa. 2011) (§ 526(a) tolls limitations period in § 2401); Detweiler v. Pena, 38 F.3d 591, 593 (D.C. Cir. 1994) (holding predecessor of § 526(a) is "unexceptionable . . . [and] tolls 'any' limitations period 'now or hereafter' appearing in 'any' law for the bringing of 'any' action").

There is no basis for reaching a contrary conclusion here; in fact, Defendant appears to concede this is so because he never mentions the limitations issue in his Reply.

B. Nonjusticiability

Defendant next argues that two of Plaintiff's claims for relief – namely, his request for retroactive reenlistment and promotion – are nonjusticiable. See Mot. at 9. In his Complaint,

Plaintiff seeks a number of different forms of relief, including asking the Court to "[c]orrect Plaintiff's record to reflect" continuous enlistment from 1980 (actually, 1978) to 2006 and to "[c]orrect Plainitff's record to reflect promotion with his peers to E-9." See Compl. at 19. Plaintiff, however, concedes in his Opposition that the Court cannot order reenlistment or retroactive promotion. See Opp. at 10. That is true.

As the D.C. Circuit has clearly held, "Appellant's request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions." Kreis v. Sec'y of Air Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989); see also Dodson v. U.S. Govt., Dept. of Army, 988 F.2d 1199, 1207 (Fed. Cir. 1993) (court does not order reenlistment; decision up to Army).

This does not, however, result in the dismissal of Plaintiff's case. As he accurately points out, "While it may be true that the Court itself cannot award reenlistment or retroactive promotion, Plaintiff's complaint still contains viable claims upon which relief can be granted." See Opp. at 10. Indeed, if the BCNR acted inappropriately, this Court can "remedy the legally deficient process so as to put [Plaintiff] into the position that he would have been had the proper procedures been followed at the relevant times." Dodson, 988 F.2d at 1208 (citation omitted); see also Kreis, 866 F.2d at 1511-12 (court can evaluate, using familiar administrative-law principles, reasonableness of Secretary's decision with respect to appellant's record and can determine whether decisionmaking process deficient).

C. APA Review

For the first time in his Reply, Defendant also argues that Plaintiff's entire suit for correction of records should be dismissed. See Reply at 3-5. Such a request is quite premature. First, the position is only raised in Defendant's Reply, which means Plaintiff has not even had an

opportunity to address it.  Second, the administrative record has not yet been filed with the Court, making such determination rather difficult.

The parties should meet, confer, and agree on a scheduling order for filing of the record and briefing.  The Court may then take up the issue.

## IV.   Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order granting Defendant's Motion on the nonjusticiability of Plaintiff's two requested forms of relief and otherwise denying it.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  March 5, 2012